## In re Angel M. Torregrosa, Petitioner.

No. 9. Argued June 1, 1925.—Decided June 3, 1925.

ATTORNEYS—DISBARMENT—REHABILITATION.—An attorney should be rehabilitated in his profession when the community in which he lives and the bar in general are convinced of his integrity and good character and the court is satisfied by strong evidence that it may repose confidence in him.

Petition for rehabilitation as a member of the bar. *Granted.*
*Juan B. García Méndez* for the petitioner.

Mr. Chief Justice Del Toro delivered the opinion of the court.

About eight years ago, after a hearing, this court disbarred Angel M. Torregrosa from practice as attorney and notary. *In re Torregrosa,* 25 P.R.R. 593. Since then his reinstatement has been petitioned for several times. Notwithstanding the reasons stated in the petitions filed for that purpose and the favorable recommendations of attorneys and prominent citizens, this court, considering the enormity of the act committed by Torregrosa and bearing in mind the fact that the powers with which the court is vested should be exercised only for the good of the community and not to satisfy personal feelings of pity or for the benefit of or out of consideration for a particular person, family or group, and not being convinced that such a reformation had taken place in Torregrosa's character as to make it safe to trust to his honesty in the prosecution and defense of most delicate matters, denied the said petitions.

On April 28, 1925, he filed a new petition for rehabilitation endorsed by the attorneys practicing in the district of Aguadilla where Torregrosa resides and where he committed the act for which he was disbarred. In the verified endorsement the following, among other things, is said: "We also declare most emphatically that his excellent moral character proves him to be an upright and honorable citizen of superb general reputation."

The petition was accompanied by a certificate of the present District Judge of Aguadilla who, among other things, says "that in the work in which he has been engaged he has always acted with the strictest honesty," and by others of Messrs. Berga, Acosta, Rivera Zayas, Quiñones and Massari, who have held the offices of judge and district attorney

of the district of Aguadilla, all favorably recommending Torregrosa.

There were filed also thirty affidavits of attorneys, public officials and distinguished citizens of the district and of the Island unconditionally endorsing the petition.

Following the precedent established in *Ex parte Justo A. Casablanca,* 32 P.R.R. 607, the 1st of June, 1925, was set for hearing in open court the petitioner, the attorneys and other persons who might desire to testify. It was ordered also that notice of the hearing be given to the bar associations of the Island and to the Committee on Character.

On the day set the petitioner appeared by attorney Juan B. García Méndez and the court heard the testimony of attorney F. Soto Gras, representing the Committee on Character, of Jacinto Texidor, president of the Porto Rico Bar Association, of Leopoldo Feliú, a member of the said association, and of attorneys Salvador Mestre, Juan Valldejuli, Enrique González Mena and Juan B. Soto.

Their statements were so convincing and their opinions so sincere that the court observed immediately that this was not a case in which participation is volunteered through sympathy or interest. The Committee on Character was of the opinion that its powers did not extend to a case of this kind. The Bar Association appointed an investigating committee and as a result of that investigation strongly recommended the rehabilitation. Attorneys Mestre, Valldejuli, González Mena and Soto, knowing and describing the life of Torregrosa, showed that they had absolute confidence in him, some of them stating that they would not hesitate to trust their own business to him or to associate with him in the practice of the profession.

The criterion of this court was clearly stated in an order made in the *Casablanca Case, supra,* on March 24, 1925, reading as follows:

"By the Court: Considering the petition filed, the Court

concludes that when a candidate is denied admission to the bar because of crimes committed by him, in order that this Court may exercise its authority and admit him to the bar it is necessary that he furnish satisfactory evidence of his present moral fitness. We do not find that such a showing has been made in this case. The mere recommendation of attorneys is not sufficient. In the absence of proof of conduct which would signally distinguish the candidate he should be able to summon such assistance from the profession as will dissipate any serious doubt of his present fitness. We are not exercising the pardoning power, but we share with the bar the responsibility of being reasonably satisfied that a person admitted to practice law should be worthy of . public confidence. The petition is denied.''

Examining the present case in the light of that criterion, it is necessary to conclude that all of the requirements have been complied with. The petition was endorsed favorably from the first by the attorneys of the district and later recommended unconditionally by the Bar Association of Porto Rico. *In re Hawkins,* 4 Boyce 200 (Del.), 87 A. 243, cited in 6 C. J. 615. Persons of standing in business and agriculture and in the municipal and insular governments have supported it, and the attorneys who personally testified under oath in the manner above stated enjoy great prestige, have held and still hold important offices and are worthy of full credit by the court. Notwithstanding the time elapsed and the publicity given to the hearing, not a single voice has been heard in opposition.

Under these circumstances the court considers that it is justified in believing and deciding that after committing the serious act which resulted in his disbarment, done while he was still young and had not been in practice very long, Torregrosa reformed and was elevated morally, and that the community in which he has lived and the bar, convinced of his present integrity of character, desire and ask as a matter of justice for his rehabilitation.

Such being the case, the petition is granted.